UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ENERGYBILL.COM, L.L.C.,** and | § | |
| | § | |
| **MICHAEL ANDREW DAVIS, II,** | § | |
| *Plaintiffs,* | § | **CIVIL ACTION NUMBER** |
| | § | |
| v. | § | _____ |
| | § | |
| **ARCADIS U.S., INC.,** | § | |
| *Defendant* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW PLAINTIFFS, EnergyBill.com, L.L.C. ("EnergyBill"), and Michael Andrew Davis, II ("Mr. Davis"), and file this their Original Complaint, complaining of DEFENDANT, Arcadis U.S., Inc. ("Arcadis"), and in support thereof would show as follows:

### I. PARTIES

1.  Plaintiff, EnergyBill.com, L.L.C., is a domestic limited liability company, with its principal place of business in Caldwell County, Texas.

2.  Plaintiff is a Texas resident, residing in Caldwell County, Texas.

3.  Defendant, Arcadis U.S., Inc., is a foreign corporation, organized under the laws of the State of Delaware, with its principal place of business in Colorado. It can be served with process through its registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801, or its President, Joachim Ebert, at 630 Plaza Drive, Ste. 200, Highlands Ranch, Colorado 80129.

### II. JURISDICTION & VENUE

4.  This Court has diversity jurisdiction under 28 U.S.C. §1332(a) in that the parties are from different states, and the amount in controversy exceeds $75,000.00. Specifically,

Defendant is a foreign corporation organized under the laws of the State of Delaware, and has its principal place of business in Colorado.  Regarding the latter, all of its high-level officers reside in Colorado including its President, Joachim Ebert, from which they direct, control and coordinate the corporation's activities.  Furthermore, this suit seeks *inter alia* declaratory relief regarding ownership of intellectual property valued well over $75,000.00.[1]

5. This Court also has federal-question jurisdiction under 28 U.S.C. §1331 because Plaintiffs ask it to construe their liability under various federal statutes Defendant claims they have violated.

6. For any action other than the suit for declaratory relief, the court has supplemental jurisdiction under 28 U.S.C. §1367(a) in that they are so related to those actions giving rise to original jurisdiction that they form part of the same case or controversy within the meaning of Article 3 of the U.S. Constitution.

7. This Court has specific jurisdiction over Defendant pursuant to a choice of forum clause found in the operative contract between the parties.  Specifically, the Technology License Agreement at Exhibit A, which governs ownership of the intellectual property made the subject of the declaratory judgment action, provides for jurisdiction in Travis County, Texas:

> (c) Jurisdiction and Venue.  Should any claim or controversy arise between the Parties under the terms of this Agreement or in furtherance of this Agreement, such claim or controversy shall be resolved only in the state or federal courts of Travis County, Texas, and said shall be the only appropriate jurisdiction and venue therefore. The Parties waive any objection to personal jurisdiction or venue therein.

Moreover, the cause of action results from Defendant's contacts with Texas.  Specifically, Defendant claims to own intellectual property created by Plaintiffs and located in this State.

8. Furthermore, this Court has general jurisdiction over Defendant because it does

---

[1] *See* **Energy Catering Servs. v. Burrow**, 911 F.Supp. 221, 223 (E.D. La. 1995) (finding amount in controversy in suits seeking declaratory relief is measured by the value of the object of the litigation).

business in this State, operating at least eight offices in Texas, one of which is located in downtown Austin, Texas.  In this regard, its contacts with the state are sufficiently continuous and systematic that it could have reasonably foreseen being called to the state to defend itself.

9. For the same reasons justifying jurisdiction in this State, venue is conferred in this judicial district by 28 U.S.C. §1391(b)(2).

### III.  FACTS COMMON TO ALL CAUSES OF ACTION

10. During or around September 2018, Arcadis hired Mr. Davis on an hourly basis to provide various services utilizing software commonly referred to as Firefly.  Firefly was developed by Mr. Davis which, before his work for Arcadis, he transferred to his wholly owned company, EnergyBill.  His work for Arcadis involved developing a data base of information and processing it with the Firefly platform in order to allow one of Arcadis' clients to develop and optimize electrical power distribution design over a large region of the United States.

11. During the course of the work, Arcadis sought a license to use Firefly to provide services to that client.  To this end, Energybill and Arcadis signed the Technology License Agreement at Exhibit A ("License") in June 2020.  In relevant part, the License affirms that EnergyBill continued to own various "Licensed Technology" which includes the Firefly software:[2]

> 2. OWNERSHIP OF RIGHTS.  The Parties do agree that LICENSOR is the sole and exclusive owner of all proprietary rights, title and interest in and to the Licensed Technology, including all of the Intellectual Property.

12. In March 2021, EnergyBill sold the Licensed Technology – that again, includes the Firefly application – to K&A Technologies, L.L.C. ("K&A").  Simultaneously, Mr. Davis became an employee for an affiliate of K&A, K&A Engineering Consulting, P.C. ("K&A

---

[2]  *See* §2 at p.000001 of Exh. A.

Engineering").

13. In April, Arcadis learned of the sale, and immediately disputed EnergyBill's ownership of Firefly and the sale to K&A.  Specifically, it sent the letter at Exhibit B, alleging that Mr. Davis had "unlawfully misappropriated certain trade secrets and IP rights owned by Arcadis."  It describes the "trade secrets" and "IP rights" as "the Firefly application and any related artificial intelligence technology developed while Mr. Davis was under contract with Arcadis," and alleges "Firefly and all technologies related thereto are the properties of Arcadis."  The letter threatens Mr. Davis with numerous causes of action:

> In light of the foregoing, it appears that both Mr. Davis and Mr. Codling are in breach of their continuing obligations to Arcadis; are in violation of several contractual provisions regarding assignment of intellectual property owned by Arcadis; are in violation of several federal and state misappropriation of trade secrets' laws; and are likely using and still unlawfully harboring on-going IP rights owned by Arcadis that are being misappropriated and used for the benefit of K&A without Arcadis' permission.  K&A should be aware the actions of these two individuals could implicate the federal Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq.*, as well as additional claims involving conversion, unfair competition, interference with contract claims, interference with prospective business relations claims, and unjust enrichment.  Mr. Davis was retained and paid by Arcadis to develop a technology under his contract with Arcadis.  Mr. Codling was aware of the terms and conditions of Mr. Davis' contract with Arcadis and their meanings.  Mr. Codling directly supervised and was wholly responsible for managing Mr. Davis at Arcadis.

14. As a result of the dispute, Arcadis has refused to remit $58,278.00 for Mr. Davis' services, as well as charges from the data center in Austin, Texas, that hosts data necessary for Mr. Davis' work for Arcadis.

### A)  REQUEST FOR DECLARATORY RELIEF

15. Plaintiffs seek declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C.A. §2201.

16. Plaintiffs and Defendant have a real and substantial controversy.  Specifically, EnergyBill claims it had the right to sell the intellectual property to K&A, including the Firefly application, which Defendant disputes.  As a result, Defendant contends EnergyBill and Mr.

Davis misappropriated it in violation of the Defend Trade Secrets Act and other common-law causes of action such as conversion, all as alleged in its demand letter. A declaration by the Court on the ownership of this intellectual property will resolve these allegations.[3]

### B) BREACH OF CONTRACT

17. Arcadis failure to remit $58,278.00 to Mr. Davis constitutes a breach of contract for which Mr. Davis has suffered damages in that amount.

18. All conditions precedent to Arcadis' obligation to pay the amount have occurred.

19. Mr. Davis is entitled to attorneys' fees under Texas Civil Practice and Remedies Code §38.001, *et. seq.*, through trial, any post-judgment motions and appeals. Specifically, he has sent demand for payment which has gone unfilled for 30 days.

20. Mr. Davis seeks pre-judgment interest as provided by Texas Finance Code, and post-judgement interest as provided under federal law.[4]

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited to appear and answer herein, and that upon final trial, they have the following:

a) A declaration construing ownership of the intellectual property in EnergyBill's favor, and that Plaintiffs have not violated the Defend Trade Secrets Act or other causes of action as alleged in Defendant's threat of litigation;

b) an award of damages in favor of Mr. Davis for Defendant's breach of contract;

c) attorney's fees for pursuit of the breach of contract claim;

---

[3] *See **Aetna Casualty & Surety Co. v. Sunshine Corp.***, 74 F.3d 685, 687 (6th Cir. 1996) (listing considerations in allowing declaratory relief as including "whether the declaratory action would settle the controversy").

[4] *See **Hall v. White, Getgey, Meyer Co., LPA***, 465 F.3d 587, 594-595 (5th Cir. 2006) (providing that pre-judgment interest in diversity cases is governed by state law, and post-judgment interest under federal law).

d)  pre- and post-judgment interest on damages, and post-judgment interest on fees;

e)  taxable costs under 28 U.S.C. §1920; and

f)  such other and further relief to which Plaintiff may be justly entitled.

          Respectfully submitted,

          **BLAZIER, CHRISTENSEN, BROWDER & VIRR, P.C.**
          Attorneys and Counselors at Law
          901 S. Mopac Expy., Bldg. V, Ste. 200
          Austin, Texas 78746
          512.476.2622
          jwelch@blazierlaw.com

          _____
          JUSTIN M. WELCH
          Texas State Bar No.:  24003876
          **ATTORNEYS FOR PLAINTIFFS**